PASSAIC COUNTY CIRCUIT COURT.

PATERSON GLASS COMPANY, a corporation of the State of New Jersey, plaintiff,

*v.*

MAX GOLDSTEIN et al., defendants.

[Decided January 6th, 1924.]

**Mechanics' Lien—Motion to Discharge—Question of Prosecution of Suit Within Year—Facts Considered and Liens Discharged.**

On mechanics' lien. On motion to discharge lien.

*Mr. Wilbur A. Heisley,* for the plaintiff.

*Messrs. Weinberger & Weinberger,* for the defendants.

NEWMAN, J.

This matter is before me on application to discharge the lien as to defendants Weinberger and Hartstein, Superior Finance Corporation and Samuel Slaff, mortgagees, on the ground of failure to prosecute the suit diligently within one year from the date of issuing summons.

The motion was before be originally only as to defendants Weinberger and Hartstein. At the argument of that motion, on December 6th, counsel for plaintiff maintained that the motion could not be disposed of, except by an inquiry as to the facts, and sought permission to offer testimony upon that issue. On December 11th I filed a memorandum agreeing with him as to that contention, and notified counsel that I would try out that issue on December 29th, 1924. At that time counsel for both sides appeared for such purpose. In the meantime counsel for mortgagees Superior Finance Cor-

poration and Samuel Slaff had given notice of a similar application in their behalf, and counsel thereupon agreed that the testimony as then to be taken should be applicable to the application of all three of the mortgagees.

Testimony was thereupon taken on that issue. I do not find any dispute as to the facts. The only dispute being the inference to be drawn from those facts, and whether, under the circumstances, the plaintiff did prosecute his suit diligently within one year.

The summons in this case was issued on November 27th, 1923, and was served upon Goldstein, the builder and owner, on December 3d, 1923. It was not served upon the mortgagees until November 29th, 1924. The reason for this delay on the part of the plaintiff was that after he had filed his lien, to wit, on December 4th, 1923, the plaintiff, in common with other prospective lien claimants, entered into an agreement with Samuel Slaff and Samuel Eichenbaum, whereby they assigned, transferred and set over unto said Slaff and Eichenbaum all their right, title and interest in the property upon which plaintiff had placed this lien, and also assigned to them whatever claim, interest, right or liability of any kind it might have against said building. Under the terms of that agreement these so-called trustees were to and did take title to the premises, and were to complete the building and pay the creditors upon a sale of the building, in accordance with the terms of said agreement as therein expressed. The agreement further provided that the object and intention of the parties of the first part, of whom plaintiff was one, was to obviate, eliminate and extinguish any interest or claim that the parties of the first part might have in the property, so as to vest a complete fee-simple interest in the property in Slaff and Eichenbaum. The agreement further provided that in case of any breach of the agreement on the part of the trustees, or a certain bond in the sum of $100,000, which they had given to the creditors, that then and in that event the creditors who were parties to the agreement might proceed to file claims.

The testimony of Mr. Loeb, who was then the attorney of record of the plaintiff, shows that it was the intention of the plaintiff thereafter to abandon his right of lien in the belief that it would be advanageous to it, and the president of the plaintiff company testified that he believed in would be for the best interest of the plaintiff to sign the agreement.

No proceedings under the lien were taken by plaintiff after serving this builder and owner on December 3d, 1923, until the summons and complaint were again placed in the hands of the sheriff on November 29th, 1924, for service upon the mortgagees. The present attorney of the plaintiff became interested in the matter in September, 1924. The original summons and complaint had been withheld from the files of the clerk of the county, and was not filed in his office until December 8th, 1924.

Counsel for plaintiff argues that these facts show a prosecution with reasonable diligence under the circumstances, and cites in support of his argument the case of *Ennis* v. *Eden Mills, 65 N. J. Law 577*. I do not regard the circumstances in that case as analogous to the case at bar. In that case the property was *custodia legis,* and the court held that the plaintiff might, under those circumstances, expect the chancery receiver to marshal the assets according to the priority of any liens against it, and that whether he could have enforced any judgment against the property by sale would have rested in the discretion of the chancellor, and that he might, while in the exercise of reasonable diligence, have deferred entry of judgment.

In the case at bar, plaintiff had never served the summons on these defendants until a year and two days after its issuance.

In that case the delay, in view of the necessity of permission of the chancellor to dispose of the property, might be in the nature of an involuntary delay. In the case at bar the delay was purely voluntary on the part of the plaintiff, because it thought that in the pursuit of such course it might be more likely to obtain its money, in view of the fact that the building was not completed.

I do not think that jeopardy of its financial interest is a matter which may be taken into consideration in determining the question of diligence. It seems to me that diligence would, in the meaning of the statute, mean ordinary care towards the prosecution of the suit, taking into consideration all the facts, including obstacles over which the plaintiff has no control, and delay, to which the conduct of the defendant is a contributing cause, or works an estoppel.

In the case at bar there were no obstacles for plaintiff to overcome, except the terms of the contract, to which it was a voluntary party, and to which defendants were not a party and over which they had no control. During the entire year they had no official knowledge by way of summons and complaint that the validity of their liens was challenged by the plaintiff.

It is argued by counsel for plaintiff that the fact that defendants were not parties to this contract cannot effect the question of diligence. In the absence of any evidence, where no summons had been served for more than a year, the defendants would doubtless be entitled, as, of course, to a discharge of the lien. If the argument of counsel for plaintiff be sound, then this plaintiff could have entered into an agreement for a period of five years, or even ten years, during which time the validity of the liens of these mortgagees would still have remained open and undetermined. This argument does not appeal to me as being sound. If sound, it could be used as an instrument to harass and vex a mortgagee. During all that time he would be unable to dispose of his security, and its validity would remain in a state of uncertainty.

I find, therefore, as a fact, that as to these mortgagees the plaintiff failed to prosecute its claim diligently within one year from the date of issuing such summons.

One other ground of discharge is urged by the mortgagees, to wit, that the claimant failed to have summons issued in the suit within four months from the date of furnishing materials. The last materials were furnished July 27th, 1923, and the four months expired on November 27th, 1923.

Summons was issued and sealed by the clerk on that date. Counsel for the defendants, however, urges that the summons is not issued until delivered to the sheriff, and cites as his authority *Wharton* v. *Ward, 91 N. J. Law 45*. I find nothing in the statute to support this contention, and, in fact, the case cited by counsel is authority to the contrary.

An order may therefore be presented discharging the lien as to defendant Weinberger and Hartstein, Superior Finance Corporation and Samuel Slaff, mortgagees.